UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MILLER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>Defendants. | No. 2:26-cv-02306-DJC-DMC<br><br><u>ORDER</u> |

Plaintiff seeks a temporary restraining order pausing the trustee's sale of his property. Because Plaintiff has not shown serious questions going to the merits, Plaintiff's Motion is denied.

**BACKGROUND**

Quality Loan Service Corporation recorded a Notice of Trustee's Sale on June 26, 2026, setting a trustee's sale of property located at 901 S 1st St., Dunsmuir, California 96025 for July 22, 2026. (Mot. (ECF No. 7) at 2; *see also id.*, Ex. A at 1.) The Notice of Trustee's Sale lists the amount of "unpaid balance and other charges" as $651,757.32. (*Id.*, Ex. A at 1.)

Plaintiff filed a Motion for Temporary Restraining Order asking the Court to pause the trustee's sale of this property "until Defendants provide competent and

reliable evidence supporting the alleged default, current amount due, payment reversals, and claimed authority to conduct a nonjudicial foreclosure." (Mot. at 2.) Though the Court ordered Defendants to file a response by July 15, 2026, to date, no Defendant has appeared in this action or responded to Plaintiff's Motion. The Court took the Motion under submission pursuant to L.R. 230(g). (*See* ECF No. 11.)

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

**DISCUSSION**

Plaintiff seeks a pause of this sale based on the California Homeowner's Bill of Rights. (*See* Compl. (ECF No. 1) at 17.) California law requires that "a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924 . . . shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a).

"Before recording or filing any of the documents" described in that section, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Id.* § 2924.17(b). "If a trustee's deed upon sale as not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of" this section. *Id.* § 2924.12(a)(1). This injunction remains in place under the Court determines the violation has been corrected. *Id.* § 2924.12(a)(2).

Plaintiff asserts that the foreclosure documents cannot be supported by competent and reliable evidence based on two pieces of information. First, Plaintiff directs the Court to three March 2024 payments Plaintiff alleges were made from a J.P. Morgan Chase bank account. (Compl. at 5–6.) Plaintiff's exhibits show that two of the identified payments were reversed on the same day. (Mot., Ex. D.) The last entry on the section of payment history provided to the Court is a final payment allegedly from that account. "Plaintiff alleges that he did not knowingly create, own, authorize, or maintain a conventional JPMorgan Chase checking account with that full account number." (Compl. ¶ 5.) Despite Plaintiff notifying Defendants of this issue, "Defendants did not explain "who linked the payment source ending in 4286 to Plaintiff's profile . . . why Defendants' system permitted repeated payments from it, why payments were posted and applied to principal, or why the payments were later reversed." (*Id.* ¶ 45.)

Therefore, according to Plaintiff, "Defendants' foreclosure/default activity was based on a payment and account history that Defendants knew or should have known was materially disputed and unreliable because of the accepted, posted, applied, reduced-balance, and reversed payments from the 4286 payment source." (*Id.* ¶ 77.) In Plaintiff's view, these discrepancies both render the evidence relied upon inaccurate and "left Plaintiff unable to determine the true amount owed, whether the default amount was accurate, whether late reporting was accurate, whether the

foreclosure/ default documents were reliable, whether identity misuse or unauthorized account-linking occurred." (*Id.* ¶ 50.)

This information is insufficient to establish a likelihood of success on the merits of Plaintiff's section 2924.17 claim. Based on the evidence before the Court, it appears two of the three payments made from the J.P Morgan Chase bank account were reversed the same day, meaning their effects on the remaining balance were almost immediately corrected. (*See* Mot., Ex. D.) Though the evidence does not show that the final additional principal payment of $87,863.55 allegedly made from this bank account was later reversed, Plaintiff has only provided the Court with a snapshot of these records, with this entry as the last payment. (*See id.*) Absent a record of all payments made after this date, the Court cannot ascertain whether this payment was later reversed. Further, though Plaintiff alleges this payment came from the J.P. Morgan Chase bank account, Plaintiff has not provided the Court with evidence supporting this fact as he does for the March 6, 2024 monthly payment. (*See id.*, Ex. B.) The Court thus lacks sufficient information upon which to find Plaintiff is likely to succeed on this claim.

The second piece of information Plaintiff argues supports a violation of section 2924.17 is the discrepancy between Rushmore Servicing's portal records, which Plaintiff alleges indicates an unpaid principal balance of $422,009.59, and the $651,757.32 listed as the amount of "unpaid balance and other charges" on the Notice of Trustee's Sale. (Mot. at 1; *see also id.*, Ex. A at 1.) As this amount is $229,747.73 less than the amount listed on the Notice of Trustee's Sale, Plaintiff asserts Defendants did not review competent and reliable evidence. (Mot. at 1.) However, the sole evidence Plaintiff supplies in support of this argument indicates that the unpaid principal balance was $422,009.59 sometime before May 1, 2024. (*See id.*, Ex. E (listing the unpaid principal as $422,009.59 and the next payment as due on "05/01/2024").) A discrepancy based on information from two years ago is not sufficiently probative to establish a likelihood of success on the merits.

This information is also insufficient to create serious questions going to the merits. Based solely on a two-year-old record, the Court cannot find Plaintiff has shown there are serious questions going to the merits of his section 2924.17 claim.

As Plaintiff has not shown serious questions going to the merits, the Court need not assess the remaining *Winter* factors. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017) ("Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors in the absence of serious questions going to the merits." (internal quotations and citation omitted)).

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) is DENIED. Plaintiff may refile for preliminary injunctive relief.

IT IS SO ORDERED.

Dated: **July 17, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Miller26cv02306.tro